IN the MATTER OF the ESTATE OF Francis KONOPKA, deceased:

LONTKOWSKI LAW OFFICE, Appellant,

v.

ESTATE OF Francis KONOPKA, Respondent.

Court of Appeals

*No. 92-2317. Submitted on briefs January 20, 1993.—Decided March 2, 1993.*

(Also reported in 498 N.W.2d 853.)

For appellant, the cause was submitted on the briefs of *Edward C. Longkowski* of Green Bay.

For respondent, the cause was submitted on the brief of *Kenneth F. Rottier* of *Lubinski, Rottier, Reed & Klass, S.C.* of Seymour.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Stanley Lontkowski appeals an order reducing his $23,533 attorney fee, computed as 4% of the gross inventory of an estate, to $7,500. The trial court found Lontkowski's fee to be unreasonable and contrary to law. The trial court made detailed findings to support its conclusion that the estate was relatively simple to administer, and Lontkowski does not challenge those findings. Lontkowski ignores sec. 851.40(2)(e), Stats., in his appellate brief. He states that because the will's sole beneficiary signed a contract to pay 4%, the court is precluded from negating the contract. We conclude that his argument is meritless and affirm the order.

Ted Konopka, the sole heir and the named personal representative in the will of his uncle, Francis Konopka, employed Lontkowski to probate the estate. Lontkowksi had Konopka sign a "Legal Representation Agreement" drafted by Lontkowski, providing fees at a rate of 4% of the gross inventory of the estate, later established at approximately $582,000. Lontkowski presented his bill in excess of $23,000 based upon the contract. When the court inquired whether Konopka agreed with the fee, Konopka stated that he was "not satisfied with the amount of attorney fees . . .."

Section 851.40, Stats., provides in relevant part:

> **Basis for attorney's fees. (1)**   Any attorney performing services for the estate of a deceased person in any proceeding under chs. 851 to 879, including a proceeding for informal administration under ch. 865, shall be entitled to just and reasonable compensation for such services.
>
> **(2)**   Any personal representative, heir, beneficiary under a will or other interested party may petition the court to review any attorney's fee which is

subject to sub.(1). If the decedent died intestate or the testator's will contains no provision concerning attorney fees, the court shall consider the following factors in determining what is a just and reasonable attorney's fee:

(a) The time and labor required.

(b) The experience and knowledge of the attorney.

(c) The complexity and novelty of the problems involved.

(d) The extent of the responsibilities assumed and the results obtained.

(e) The sufficiency of the assets properly available to pay for the services, *except that the value of the estate may not be the controlling factor.* (Emphasis added.)

Lontkowski does not challenge the trial court's detailed findings of fact relevant to the statutory factors that control attorney fees.[1] At a hearing held to consider

---

[1] The trial court made findings that the estate was relatively simple to administer based upon the following:

1. The will consisted of one page with four paragraphs.

2. One beneficiary is named in the will, and he is also the named personal representative to act without bond.

3. The only persons present at the proof of will hearing were the personal representative and Lontkowski.

4. No claims were filed in the estate.

5. The only interested party after the will was accepted for probate was the personal representative.

6. The inventory indicates that all of the assets were liquid except a motor vehicle.

7. There were no assets that required management such as a farm, business or real estate.

8. The final account consists of one page with sixteen entries.

9. The Wisconsin inheritance tax required only one tax calculation since there was only one heir.

the question of fees, Lontkowski declined to give either an estimate of the hours he spent on the estate, or an opinion as to a reasonable hourly rate. Lontkowski merely ignores the statute in his argument to this court. Instead, he argues:

> [T]he law is moving in the direction to the written fee contract so the attorney have fewer disagreements and greater control of their property. It appears that the personal representative is in a more advantageous position to know what the testator would desire in a certain situation as to attorney fees. The public will be better served by a sensitive and experienced personal relative who works with the lawyer who makes the decisions relating to probates, those existing under our circumstances.

The contract at issue here is contrary to legislatively declared standards. The trial court properly exercised its discretion by reducing Lontkowksi's unreasonable fee.

*By the Court.*—Order affirmed.

10. The fiduciary tax return required only one Schedule K-1; there was no rental income, business income or capital gains.

11. There was no issue regarding distribution.